837 P.2d 149

### In the Matter of a Member of the State Bar of Arizona, Donald E. GABRIEL, Respondent.

No. SB–92–0041–D.
Disc. Comm. No. 89–1652.

Supreme Court of Arizona
Before the Disciplinary Commission.

July 21, 1992.

---

Mark I. Harrison, Stephen G. Montoya, Phoenix, for respondent.

Catherine M. Woods, Bar Counsel, Tucson, for State Bar of Arizona.

## JUDGMENT AND ORDER

This matter having come on for hearing before the Disciplinary Commission of the Supreme Court of Arizona, it having duly rendered its decision and no timely appeal having been filed before the Court,

IT IS ORDERED, ADJUDGED AND DECREED that DONALD E. GABRIEL, a member of the State Bar of Arizona, is hereby censured for conduct in violation of his duties and obligations as a lawyer, as disclosed in the commission report attached hereto as Exhibit A.

IT IS FURTHER ORDERED that pursuant to Rule 52(a)(8), Rules of the Supreme Court of Arizona, the State Bar of Arizona is granted judgment against DONALD E. GABRIEL for costs incurred by the State Bar of Arizona in the amount of $1,704.65, together with interest at the legal rate from the date of this judgment.

## EXHIBIT A

## AMENDED DISCIPLINARY COMMISSION REPORT

The captioned matter came on for hearing before the Disciplinary Commission on March 14, 1992. The Commission considered the record on appeal, and heard oral argument on the Hearing Committee's recommendation of suspension. Respondent filed an objection to the Hearing Committee's recommendation.

### Motion to Strike

Prior to the Commission meeting, the State Bar filed a motion to strike Respondent's reply. By a unanimous vote of eight aye,[1] the Commission denied the motion, and agreed to consider Respondent's reply to bar counsel's response to statement on review.

### Motion to Remand or Supplement the Record

Prior to the Commission meeting Respondent filed a motion to supplement the record or remand. The State Bar filed a response in opposition.

In making its determination, the Commission considered Rule 53(d)(1), Ariz.R.Sup. Ct., which provides that "Evidence not presented to the committee shall not be presented to the commission." The Commission also considered *In re Fresquez*, 162 Ariz. 328, 783 P.2d 774 (1989), another case in which the respondent attempted to supplement the record at the Commission level. In *Fresquez*, the Commission refused to accept that evidence and the court affirmed, stating that evidence may be presented to the Commission "where it properly falls into the category of newly discovered evidence." 162 Ariz. at 332, 783 P.2d at 778.

The evidence with which Respondent wished to supplement the record is in the nature of mitigation regarding his alcoholism and subsequent recovery. The majority of this Commission does not believe the evidence presented by Respondent can be characterized as "newly discovered." In fact, during the hearing before the committee, Respondent had the opportunity to address the issue of whether he was impaired by alcohol during the time of the alleged misconduct and he stated, under oath, that his conduct was not the result of alcohol abuse. In light of these considerations, the Commission cannot accept the evidence. In turn, because it has determined the evidence is not "newly discovered," the Commission believes it inappropriate to remand the matter to the Hearing Committee for presentation of the evidence. By a unanimous vote of eight aye, the Commission rejects Respondent's motion to remand or supplement the record.

---

1. Commissioners Bossé, Doyle, and Rubin did not participate in these proceedings. Calvin Fuchs and former Commissioner Donald W.

## Decision on Merits

By a vote of five to three,[2] the Commission rejects the recommendation of the Hearing Committee, and recommends that Respondent be censured and placed on probation for a period of two years, under the terms and conditions set forth herein, and that he be assessed the costs and expenses of these proceedings. By a unanimous vote of eight aye, the Commission adopts the findings of fact and conclusions of law set forth herein.

## Terms of Probation

The Commission recommends probation for a period of two years, under the following terms and conditions:

1. Respondent shall attend regular weekly meetings of Alcoholics Anonymous;

2. Respondent shall participate in the State Bar Membership Assistance Program; and

3. Respondent shall submit documentation to the State Bar on a quarterly basis evidencing his compliance with these terms of probation.

## Findings of Fact

The Commission adopts the following findings of fact:

1. Respondent has been an attorney licensed to practice law in the state of Arizona since September 25, 1971, and has no prior discipline.

2. On May 20, 1988, a personal injury complaint was filed against Respondent alleging that he was operating a motor vehicle under the influence of alcohol and as a result of his gross and willful conduct and negligence caused injury to other persons; the plaintiffs sought punitive damages from Respondent. Respondent was not insured at the time of the accident.

3. Respondent was represented by counsel in the personal injury action, initially by Jim Sherman.

4. Interrogatories and a request for production of documents were served on Respondent's counsel on September 1, 1988, by the plaintiffs in the personal injury action.

5. The coverage from the plaintiffs' uninsured motorist policy was submitted to arbitration and an arbitration award was entered on February 1, 1989, awarding $75,000 in compensatory damages and $25,000 in punitive damages to the plaintiff; there is a suggestion in the record that there were further proceedings involved in the arbitration and the award was not final until a much later date.

6. Respondent failed to answer the interrogatories and produce the documents in a timely fashion and on March 17, 1989, the plaintiffs filed a motion to compel production of the documents and answers to the interrogatories.

7. On April 17, 1989, the court granted the motion to compel on the grounds that neither the plaintiffs, their lawyers, nor the insurance company or its lawyers disclosed information about Respondent's financial affairs; ordered that Respondent comply with the discovery requests "promptly;" and ordered no attorneys fees.

8. During the entire time that discovery was outstanding, Respondent testified that he was spending a great amount of time out of his office and in Santa Cruz County working on three cases there. Between March 1989 and June 1, 1989, Respondent moved his law office of twenty years from his downtown office into his home, with most of his personal and client files being deposited into his basement by the moving crew in no order.

9. Respondent hired a law clerk, who had graduated from law school, to locate

Hart participated in the proceedings as ad hoc members.

**2.** Commissioners Suclu and Swick, and ad hoc Commissioner Fuchs dissented. The dissenters found no substantial basis to disagree with the Hearing Committee's recommendation. More- over, the dissenters believe the terms of probation relating to alcohol abuse are inappropriate since there is nothing in the record to suggest that alcohol abuse played any part in the sanctioned conduct. In fact, the record establishes the opposite.

the requested documents following the move of his files. She began work to locate the files on approximately July 1, 1989, although she also performed other work for Respondent during the same time period.

10. Respondent did not comply with the April 17, 1989, order that the discovery be produced, and a second motion to compel discovery was filed on June 9, 1989.

11. On June 29, 1989, the court ordered Respondent to produce the discovery, ordered the plaintiffs' lawyer to sign a statement in affidavit form indicating why documents were not produced, and ordered that the affidavit be filed not later than July 13, 1989. The copy of the original minute entry order was sent to Respondent by Mr. Sherman, but Respondent's law clerk stated that it was not received by Respondent until after the July 13, 1989, deadline. Mr. Sherman confirmed that Respondent's law clerk called him upon receipt to tell him that it had just been received and that the deadline could not be complied with because it was past, and stated that he relayed the information to plaintiffs' counsel.

12. The court amended the minute entry to provide that Respondent sign the affidavit relating to discovery. Mr. Sherman stated that, although it is his practice to send copies of court orders to his clients and he believes he sent a copy of the amended minute entry order to Respondent, he can find no cover letter in his file copying Respondent on this amended order. Respondent stated he was not aware of the amended order.

13. The June 29, 1989, minute entry also ordered Respondent to pay $200 in attorneys fees by July 13, 1989. Respondent did not timely pay this amount, but had paid it prior to the hearing before the Hearing Committee on July 19, 1991. No evidence was presented showing the actual date of payment.

14. Respondent did not comply with the June 29, 1989, order that discovery be produced and an affidavit be filed, and on August 3, 1989, plaintiffs filed a third motion to compel discovery.

15. Respondent's law clerk apparently communicated with both Respondent and Mr. Sherman about her progress in locating the documents among the files brought from the old office, but on August 24, 1989, she was informed that she had a brain tumor which had been affecting her performance and memory; she had brain surgery the following day.

16. In September 1989, prior to the hearing on the third motion to compel, Respondent produced documents and an affidavit setting forth his assets and the location of any documents relating thereto which he had not produced.

17. On October 4, 1989, following an evidentiary hearing, the court found that Respondent had willfully failed to comply with the orders of the court of April 17, 1989, and June 29, 1989, and ordered that Respondent's answer be stricken and default be entered against him.

18. In his January 22, 1990, letter to staff bar counsel and during his testimony before the Hearing Committee, Respondent stated that he was aware that requests were made for discovery, but that even though the time period for production had expired, he believed that the practice in Pima County did not require any serious urgency since no trial date had been seriously contemplated by either side, nor had his deposition been set. He also stated, however, that he was concerned about the orders entered compelling discovery.

19. Respondent waived his attorney-client privilege both in the Superior Court and in the disciplinary matter.

20. Respondent cooperated with the State Bar of Arizona in this matter.

21. Respondent testified at the hearing before the Hearing Committee that he was not impaired by any sort of alcohol abuse during the time discovery was requested and that he did not think alcohol abuse or impairment should be considered in the case.

22. The personal injury action at the date of the hearing involved subrogation of the insurance company's claims.

### Conclusions of Law

The Commission adopts the following conclusions of law:

1. As set forth in the Preamble, Rules of Professional Conduct, a lawyer has a responsibility to the legal system as "an officer of the legal system and a public citizen having special responsibility for the quality of justice."

2. Disciplinary action may be taken for any act or omission either related or unrelated to the practice of law. *In re Zussman*, 86 Ariz. 272, 274, 344 P.2d 1021, 1023 (1959); *Matter of Lurie*, 113 Ariz. 95, 97–98, 546 P.2d 1126, 1128–29 (1976).

3. Respondent knowingly disobeyed the orders of the court that he comply with the plaintiffs' discovery requests.

4. Respondent violated ER 3.4(c).

5. There were mitigating factors present.

### Discussion of Decision

The Hearing Committee recommended a one year suspension as the appropriate sanction because Respondent's failure to comply with discovery requests and orders caused harm to plaintiffs because of a delay in the resolution of their claims and because Respondent, an officer of the court, had an obligation to comply with discovery orders, showed disrespect for the system, and wasted judicial time by requiring rulings on discovery matters.

The plaintiffs did not have their complaint resolved at a trial on June 29, 1989. There was evidence, however, that the trial was postponed not because of Respondent's actions, but because of an arbitration proceeding concerning plaintiffs' insurance coverage by their own carrier on an uninsured motorist claim. In addition, plaintiffs ultimately were able to obtain a default judgment against Respondent and were not required to go through a trial, present evidence of liability, or be subject to lesser damages because of comparative negligence theories. In fact, at the date of the hearing before the Hearing Committee, over a year and a half after Respondent produced his documents, the matter was still pending, not due to any action or inaction of Respondent.

Particularly in situations where the Commission's recommendation differs from the committee's recommendation, the Court considers the American Bar Association *Standards for Imposing Lawyer Sanctions* to assist in their determination of the appropriate sanction. *In re Arrick*, 161 Ariz. 16, 775 P.2d 1080 (1989).

Standard 6.22 provides for suspension when a lawyer knowingly violates a court order or rule, and there is injury or potential injury to a client or a party, or interference or potential interference with a legal proceeding. Standard 6.23 provides for reprimand (censure in Arizona) when a lawyer negligently fails to comply with a court order or rule, and causes injury or potential injury to a client or other party, or causes interference or potential interference with a legal proceeding.

The commentary to Standard 6.22 states that "[i]n many cases, lawyers are suspended when they knowingly violate court orders," while the commentary to Standard 6.23 states that "[m]ost courts impose a reprimand (censure in Arizona) on lawyers who ... violate a court order ... that causes injury or potential injury to a client or other party." This would indicate that there are instances in which, prior to consideration of mitigating factors, censure is the appropriate sanction for violation of a court order.

In the instant matter, the Commission finds several mitigating factors present. Respondent has no prior disciplinary record; there is no pattern of misconduct; in fact, this was an isolated instance in his over seventeen years of practice; Respondent has cooperated with the State Bar throughout the disciplinary process, including waiver of the attorney-client privilege with respect to both the State Bar's investigation and the proceedings in Superior Court and payment of amounts ordered to be paid; and Respondent has entered into an agreement for restitution with the plaintiff and the insurance carrier, pursuant to

which he is currently making monthly payments.

Further, while the Commission does not excuse Respondent's conduct, it believes the striking of Respondent's answer, his inability to present evidence of comparative negligence, and the fact that little or no injury resulted from his inaction should also be considered in mitigation.

The Hearing Committee found several aggravating factors and virtually no mitigating factors. They list a dishonest or selfish motive; a pattern of misconduct, referring to his failure to comply with several court orders; his refusal to acknowledge the wrongful nature of his conduct; and his experience in the practice of law.

The Commission believes that Respondent showed disrespect for the system, had an obligation to comply with discovery orders, even though not acting as a lawyer, and wasted judicial time. The Commission does not, however, believe that Respondent had a selfish motive; in fact, his failure to comply with the court's order appears to have harmed only himself. Nor does the Commission find that his failure to respond to the court orders constitutes a pattern of misconduct as contemplated by the Standards.

After considering the Standards and the mitigating and aggravating factors, the majority of the Commission concludes that a censure and two-year probation, with Respondent to attend AA meetings weekly and participate in the State Bar Membership Assistance Program, is the most appropriate sanction, and so recommends.